IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| MACEY SONGER and WILLIAM SONGER, individually, and as next of kin of CHAD WILLIAM SONGER (Deceased), | ) ) ) ) ) | |
| Plaintiffs, | ) ) | DOCKET NO: 1:22-CV-00022 |
| V. | ) ) | **JURY DEMAND** |
| BLEDSOE COUNTY GOVERNMENT, and CHASE ROBERTS & MATTHEW BROCK In their official capacities as agents for the Bledsoe County, and Bledsoe County Sheriff's Office and in their individual capacity, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## AMENDED ANSWER

Defendants, by and through counsel, file with the Court their Amended Answer to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

In response to the individual allegations of Plaintiffs' Complaint, Defendants answer as follows:

**Introduction**

The introduction portion of Plaintiffs' Complaint fails to make an allegation of fact, but rather states a summary of the Complaint. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any recovery under any theory in this matter.

**Jurisdiction and Venue**

1. Defendants admit jurisdiction and venue in this Court.

2. In response to ¶ 2, Defendants admit jurisdiction and venue.

3. Defendants lack information at this time to admit or deny ¶ 3.

**Parties**

4. Upon information and belief, the allegations of ¶ 4 are admitted.

5. The allegations of ¶ 5 are admitted.

6. The allegations of ¶ 6 are admitted, except to the extent that the same makes reference to the manner in which Defendants have been sued, which is a conclusion of law as opposed to an allegation of fact.

7. The allegations of ¶ 7 are admitted, except to the extent that the same makes reference to the manner in which Defendants have been sued, which is a conclusion of law as opposed to an allegation of fact.

8. In response to ¶ 8, it is admitted that in the afternoon of January 31, 2021, Defendants Brock and Roberts observed Mr. Songer splitting wood in his yard at the residence identified.

9. The allegations of ¶ 9 are admitted.

10. The allegations of ¶ 10 are admitted. In further response, it was confirmed that there were warrants for Decedent.

11. In response to ¶ 11, it is admitted that there were two warrants for child support and a warrant for violation of probation.

12. Defendants deny the allegations of ¶ 12 to the extent that the same alleges that they drove "in an aggressive manner" and told him [Decedent] that he was under arrest. In further response, it is admitted that Defendants Roberts and Brock pulled onto the property and

approached Decedent regarding the outstanding warrants and advised him that he would need to go with them.

13. The allegations of ¶ 13 are denied as alleged.

14. The allegations of ¶ 14 are denied.

15. The allegations of ¶ 15 are denied.

16. The allegations of ¶ 16 are denied as alleged.

17. In response to ¶ 17, it is admitted that Decedent threw a splitting maul at Defendant Roberts and upon information and belief to avoid arrest began running.

18. In response to ¶ 18, it is admitted that Decedent ran contrary to the instructions and commands of Defendant Brock and Roberts and is further admitted that he was bitten by the canine. It is further admitted that Decedent died of drug toxicity.

19. In response to ¶ 19, it is admitted that Bledsoe County EMS arrived and that Decedent died as he was being transported for medical care.

20. In response to ¶ 20, it is admitted that Decedent died as a result of drug toxicity.

## COUNT I

### Depravation of Civil Rights under 42 U.S.C. 1983

21. Defendants incorporate by reference their answers to ¶ 1-20 above.

22. The allegations of ¶ 22 are denied.

23. The allegations of ¶ 23 are denied.

## COUNT II

### Municipal liability under 42 U.S.C. § 1983

24. Defendants incorporate by reference their answer to ¶ 1-23 above.

25. The allegations of ¶ 25 are denied.

26. The allegations of ¶ 26 are denied.

3

27. The allegations of ¶ 27 are denied.

## COUNT III

### Assault and Battery

28. Defendants incorporate by reference their answers to ¶ 1-27 above.

29. The allegations of ¶ 29 are denied as alleged.

30. In response to ¶ 30, it is admitted that Decedent was advised that if he continued in his non-compliance with instructions and commands, the canine would be released and Decedent would be bitten.

31. The allegations of ¶ 31 are denied.

32. The allegations of ¶ 32 are denied.

33. The allegations of ¶ 33 are denied.

## COUNT IV

### Wrongful death – T.C.A. § 20-5-106

34. Defendants incorporate by reference their answers to ¶ 1-33.

35. The allegations of ¶ 35 are denied.

36. The allegations of ¶ 36 are denied.

37. In response to ¶ 37, it is admitted that Defendants Roberts and Brock were within the scope of their employment as police officers for Bledsoe County.

38. The allegations of ¶ 38 are denied.

## COUNT V

### Negligence

39. Defendants incorporate by reference their answers to ¶ 1-38 above.

40. In response to ¶ 40, it is admitted that Defendant Bledsoe County has a duty to properly train its police officers.

4

41. The allegations of ¶ 41 are denied.

42. The allegations of ¶ 42 are denied.

## COUNT VI

### Survival Act as to Tennessee and Common Law Claims

43. Defendants incorporate by reference their answers to ¶ 1-42 above.

44. The allegations of ¶ 44 state a conclusion of law as opposed to an allegation of fact.

45. ¶ 45 fails to make an allegation of fact that can either be admitted or denied as plead. In further response, Defendants deny that Plaintiffs are entitled to any recovery in this matter.

## COUNT VII

### Wrongful Act as to Tennessee and Common Law Claims

46. Defendants incorporate by reference their answers to ¶ 1-44 above.

47. In response to ¶47, it is denied that Defendants are entitled to any recovery in this matter.

48. Any and all other allegations in Plaintiffs' Complaint not specifically admitted, denied, or otherwise explained are hereby denied.

### **SECOND DEFENSE**

Defendants deny that they acted improperly in any manner whatsoever as it relates to the events described in Plaintiffs' Complaint. Defendants further deny that any of their actions caused the injuries complained of in Plaintiffs' Complaint. Accordingly, Plaintiffs are not entitled to any recovery prayed for in this matter.

## THIRD DEFENSE

Plaintiffs' Complaint fails to state a claim or cause of action upon which relief can be granted as it relates to Defendant Matthew Brock, and therefore must be dismissed pursuant to Rule 12 (b)(6) of the *Federal Rules of Civil Procedure*.

## FOURTH DEFENSE

Defendants plead and rely upon the defense of qualified immunity in all respects, and as to the claims made by Plaintiffs in this case. Defendants Roberts and Brock were acting within their discretionary authority at the time of the incident giving rise to this litigation and their conduct did not violate clearly established rights of which a reasonable person would have known. Accordingly, Plaintiffs' Complaint must be dismissed.

## FIFTH DEFENSE

Defendants further plead and rely upon all other forms and versions of immunity, including good faith immunity, common law immunity, and sovereign immunity,

## SIXTH DEFENSE

To the extent that Plaintiffs have relied upon vicarious liability for any causes of action in their Complaint, brought pursuant to 42 U.S.C. § 1983, or any other civil rights claims, the same must be dismissed as vicarious liability, including *respondeat superior*, as not applicable to civil rights causes of action and any causes of action based upon any form of vicarious liability must be dismissed.

## SEVENTH DEFENSE

Defendants deny that their actions, policies, or otherwise were the cause of the incident giving rise to this matter, and/or the cause of the death of Chad William Songer.

## EIGTH DEFENSE

Defendants responded to a threat posed by Chad William Songer and in fear for their own safety and/or the safety of others as it relates to the incident giving rise in this litigation. Defendants acted reasonably under the particular facts and circumstances of this case and did not commit any constitutional tort, or any tort whatsoever, as to Chad William Songer. Accordingly, Plaintiffs are not entitled to the recovery prayed for in their Complaint, and their Complaint must be dismissed.

## NINTH DEFENSE

The claims and causes of action against Defendant Brock and Roberts in their official capacities are in essence claims against Bledsoe County, Tennessee, and therefore must be dismissed.

## TENTH DEFENSE

Defendant Bledsoe County denies that there was a specific policy or custom that led to the alleged unconstitutional conduct in this case. It is further denied that Plaintiffs have stated with specificity the particular policy and/or custom upon which they rely in support of their stated cause of action against Defendant Bledsoe County.

## ELEVENTH DEFENSE

Defendants Brock and Roberts were properly trained as police officers for Bledsoe County and were post certified at the time of the incident complained of in this matter. Therefore, Defendants are not liable or responsible for the claims made in this case based on the fact that they were properly trained and qualified to work as police officers.

## TWELFTH DEFENSE

Defendants did not at any time acted with deliberate indifference as it relates to the Constitutional Rights of Chad William Songer. Accordingly, Plaintiffs are not entitled to any recovery in this matter. In that same respect, Defendants did not violate Chad William Songer's

Constitutional Rights in any matter whatsoever, and therefore Plaintiffs are not entitled to any recovery for the same.

**THIRTEENTH DEFENSE**

Chad William Songer was negligent and/or his actions were responsible for the events and incident that occurred on January 31, 2021 based on his actions and activities. Chad William Songer failed to comply with instructions as more fully set forth in ¶¶ 18 and 30 above. Chad William Songer further held a splitting maul and refused to drop it after being so instructed. Chad William Songer's negligence and/or actions as set forth herein and above were the proximate cause of the incident giving rise to this litigation, or at least 50% thereof. Accordingly, alternatively, to the extent Chad William Songer was at fault, but in an amount less than 50%, that any recovery in this matter must be reduced in accordance with same.

**FOURTEENTH DEFENSE**

Defendants rely upon all common law and statutory immunity provided by law, including but not limited to the immunity provisions of the Tennessee Governmental Tort Liability Act, found at Tenn. Code Ann. § 29-20-201, et seq., including, but not limited to, the applicable acceptance to the removal of immunity under Tenn. Code Ann. §29-20-205.

**FIFTEENTH DEFENSE**

Defendants cannot be liable to Plaintiffs for any state law claim or cause of action in excess of the liability limits set out in Tenn. Code Ann. § 29-20-403.

**SIXTEENTH DEFENSE**

Plaintiffs' Complaint against Defendant Bledsoe County fails to state a claim or cause of action as it relates to Plaintiffs' claim for punitive damages pursuant to 42 U.S.C. § 1983 and must therefore be dismissed.

**WHEREFORE**, Defendants pray that Plaintiffs' Complaint against them be dismissed and that Defendants be awarded their reasonable attorney's fees and expenses incurred in the defense of this case. Defendants further demand a trial by a jury of twelve (12).

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

BY: /s/ B. Thomas Hickey, Jr.
B. Thomas Hickey, Jr., BPR #019105
Attorney for Defendants
537 Market Street, Suite 203
Chattanooga, TN 37402
P: (423) 756-0262
F: (423) 756-8489

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2022, I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Robert Floyd Davis
Roger D. Layne
Davis, Kessler, & Davis
433 Cherokee Blvd.
Chattanooga, TN 37405
Robert@daviskessler.com
Roger@daviskessler.com

Howard L. Upchurch
P.O. Box 381
Pikeville, Tennessee 37367
upchurchlaw@bledsoe.net

**SPICER RUDSTROM, PLLC**

BY: /s/ B. Thomas Hickey, Jr.
B. Thomas Hickey, Jr.